IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **AMGUARD INSURANCE COMPANY** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 7:24-cv-509 |
| § | | |
| **RAQUEL MERRILL,** § | | |
| *Defendant*. § | | |

**DEFENDANT RAQUEL MERRILL'S RESPONSE TO PLAINTIFF AMGUARD INSURANCE COMPANY'S MOTION TO COMPEL APPRAISAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Raquel Merrill, Defendant in the above-entitled and numbered cause, and file this *Defendant's Response to Plaintiff AmGuard Insurance Company's Motion to Compel Appraisal,* and in support thereof, would respectfully show unto the Court the following:

### I.   SUMMARY OF ARGUMENT

Plaintiff AmGuard Insurance Company ("AmGuard") improperly seeks to compel appraisal under an insurance policy provision that is entirely inapplicable to the present dispute. The appraisal clause is designed to resolve disputes regarding the amount of covered loss, yet AmGuard's motion is based on a fundamental mischaracterization of both the policy language and the nature of the underlying claim.

Here, Defendant Raquel Merrill has not asserted a breach of contract claim against AmGuard, nor is she seeking policy benefits. Instead, she has filed a separate lawsuit in Hidalgo County against AmGuard's independent adjuster and adjusting firm for their tortious misconduct, including violations of the Texas Insurance Code and the Deceptive Trade Practices Act. Defendant Raquel Merrill is a Plaintiff in a separate action in Cause No. CL-24-4543-D, styled

1

*Raquel R. Merrill vs. Russell Palmer and Pilot Catastrophe Services, Inc.*; filed in County Court at Law No. 4, Hidalgo County, Texas—which is dispositive of AmGuard's Motion to Compel Appraisal.[1] That lawsuit does not involve a dispute over policy benefits or the amount of covered loss, but rather the independent wrongful acts of AmGuard's adjusters.

By filing the present action, AmGuard improperly attempts to use the appraisal provision as a shield against liability for its adjuster's statutory violations. This effort is not only procedurally improper but is also an attempt to manufacture a dispute where none exists. Appraisal cannot be compelled where there is no disagreement over the amount of loss. Furthermore, AmGuard's actions—suing its own insured solely to impose unnecessary litigation costs—are precisely the kind of extreme conduct that the Texas Supreme Court has recognized as an independent injury under *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018).

Accordingly, because Defendant has *judicially admitted* she is not seeking policy benefits, AmGuard's Motion to Compel Appraisal should be denied in its entirety.

## II. RELEVANT FACTUAL MATTERS AND ISSUES DEMONSTRATING THAT AMGUARD IS NOT ENTILED TO THE RELIEF REQUESTED

On April 1, 2024, Raquel Merrill issued a Texas Insurance Code §541.002(2), §541.154 and §542A.003 Notice and a §17.505 Texas Business & Commerce Code DTPA Notice to Russell Palmer and Pilot Catastrophe Services, advising of the intent to file suit for their violations of those certain provisions of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.[2]

---

[1] *See,* **Exhibit A**: Affidavit of Nick Moore: **Attachment No. 1**: Raquel Merrill's Second Amended Petition and Notice of Required Disclosures, filed on 11/14/2024. *And see*, **Attachment No. 2**: Westlaw Precision – List of 125 Cases Citing References for *Liberty Mut. Ins. Co. vs. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex.1998)(applying Texas law confirming that an adjuster and its adjusting company can be held independently and individually liable for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.).

[2] *See,* **Attachment No. 3**: Defendant's Notice of 541.002(2), 541.154 and 542A.003 Texas Insurance Code and section 17.505 Texas Business & Commerce Code Violations.

Suit was filed on October 29th, 2024, by Raquel Merrill against Russell Palmer, the adjuster assigned to handle the claim by AmGuard.[3] On January 30, 2025, Raquel Merrill, amended her petition for the second time[4] and obtained service of citation on Russell Palmer and Pilot Catastrophe Services, AmGuard's *independent adjuster and adjusting agency* assigned to the adjust the April 29, 2023 insurance claim.

On December 4, 2024, AmGuard, in response to the demand to the suit against its Adjuster, Russell Palmer, and adjusting agency, Pilot Catastrophe Services filed suit against its own insured to circumvent Raquel Merrill's suit for statutory violations against Russell Palmer and Pilot.[5] This act of filing suit against its insured seeking to cause injury in terms of additional litigation expense and mental anguish, erroneously contending that there is a dispute concerning the "amount of loss' when no such issue is present here, as demonstrated in the separately filed action of Raquel Merrill against AmGuard's independent adjuster and adjusting agency is exactly the kind of act that the Texas Supreme Court discussed in *Menchaca* when defining one of the cognizable Independent Injuries "*an act so extreme, that would cause injury (mental anguish damages) independent of the policy*".

Plaintiff, AmGuard, filed the instant Motion to Compel Appraisal initially on January 2nd, 2025,[6] deceptively diminishing Plaintiff's judicial admission that she is not seeking policy benefits, excluding any reference to Plaintiff's First or Second Amended Petition filed against its assigned adjuster, which clearly and unequivocally, as an admission by a party opponent, states that "***Plaintiff is seeking only tort claims against said Defendant RUSSELL PALMER and Defendant PILOT CATASTROPHE SERVICES, INC., as no breach of contract claims are***

---

[3] *See,* **Attachment No. 4**: Raquel Merrill's Original Petition filed on October 29, 2024.
[4] *See,* **Attachment No. 1**: Raquel Merrill's Second Amended Petition filed on November 14,2024.
[5] *See,* **Attachment No. 5**: Plaintiff's Original Complaint for Declaratory Judgment.
[6] *See generally*, Document 14-1: Plaintiff's Motion to Compel Appraisal.

3

*alleged or sought herein, nor is Plaintiff seeking any form of "policy benefits" or asserting entitlement to same in any manner or way, and affirmative state herein that any reference to policy benefits as a result of reference to same is merely for the purpose of comparison to the Defendant RUSSELL PALMER and Defendant PILOT CATASTROPHE SERVICES, INC.'s bad faith adjustment of the loss and fraudulent conduct in its scope and adjustment of Plaintiff's storm related damage*."[7]

A judicial admission is a formal concession made by a party or its counsel during the course of a judicial proceeding that has the effect of withdrawing a fact from contention and dispensing with the need for proof of that fact. *In re 45 John Lofts, LLC*, 599 B.R. 730 (2019), *In re TK Boat Rentals*, LLC, 411 F.Supp.3d 351 (2019). Judicial admissions are binding on the party making them and are conclusive in the case. *Id.* Therefore, AmGuard's statement that "AmGuard has not received any binding assurances that Defendant will not file suit against AmGuard for the insurance claim" is patently false and misrepresenting the facts to the Court.

AmGuard's Motion only attaches Raquel Merrill's Original Petition as an exhibit, excluding the First Amended Petition and Second Amended Petition. These amended petitions make the admission clear on the issue of policy benefits under the contract.[8] While the initial petition made it clear Raquel Merrill was only seeking tort claims, this expanded language regarding policy benefits was first added in the First Amended Petition on December 26, 2024, but is never referenced or addressed in AmGuard's latest Motion to Compel Appraisal filed on January 15, 2025.[9]

---

[7] *See,* **Attachment No. 6**: Raquel Merrill's First Amended Petition filed on December 26, 2024 at p, 4, ¶ 13 and **Attachment No. 1**: Raquel Merrill's Second Amended Petition filed on January 30, 2025 at p, 4-5, ¶ 13.
[8] *Id.*
[9] *Id.* and Plaintiff's Motion to Compel Appraisal Exhibit G.

4

AmGuard's Motion does state that 542A demand was sent to AmGuard Insurance Company, but by virtue of the insured's lawsuit against the adjusters and the specific waiver of policy benefits, the relief sought in the 542A demand to AmGuard is now moot and irrelevant. Furthermore, the insured will never bring claims against AmGuard Insurance Company in this case due to the judicial admissions made in state court by not seeking policy benefits, by virtue of the insured's lawsuit against the adjusters and the specific waiver of policy benefits, the relief sought in the 542A demand to AmGuard is now moot and irrelevant.

### III.    ARGUMENT & AUTHORTIES

Under both Texas and Federal legal precedent construing Texas law, adjusters are individually and independently liable for violations of Chapter 541 generally and Tex. Ins. Code §541.003, among other sections of the Texas Insurance Code for negligence, misrepresentation, fraud and breach of their common law duty pursuant to Chapter 541 of the Texas Insurance Code, which includes claims under Texas Insurance Code §542A.002(2) and (3). *See*, *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 486–87 (Tex.1998). ("The United States Court of Appeals for the Fifth Circuit has held that an adjuster can be liable under the Texas Insurance Code. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). *See, Rocha v. Certain Underwriters at Lloyd's London*, No. CIV.A. H-10-2457, 2010 WL 7505693, at *3 (S.D. Tex. Sept. 22, 2010) ("Defendants do not contest that it is possible to maintain a cause of action under the Texas Insurance Code. Indeed, it is well-established that Texas law allows ***a plaintiff to maintain a cause of action for unfair insurance settlement practices against individuals other than the insurer.*** *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 486–87 (Tex.1998). The United States Court of Appeals for the Fifth Circuit has held that an adjuster can

be liable under the Texas Insurance Code. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).") (emphasis added).

Here, AmGuard seeks to circumvent Raquel Merrill's right to sue the adjuster as allowed under Texas legal precedent, by filing suit against its insured and improperly applying the contractual appraisal clause to evade the adjuster's statutory violations.

Plaintiff's Second Amended Petition, only reference to policy benefits, which are necessary elements of proof to demonstrate causation for the award of actual damages in ***tort only for mental anguish damages*** by the jury that will hear the case to conclude that Russell Palmer and Pilot Catastrophe Services, Inc. violated their duty to adjust Raquel Merrill's property damage claim in good faith for which they are independently liable to her for violations of the Texas Insurance Code and Deceptive Trade Practices Act in undervaluing of the property damage claim, as compared to Raquel Merrill's cause and loss expert adjustment of the loss, entitling her to damages in tort only for mental anguish damages that Russell Palmer and Pilot Catastrophe Services, Inc. are individually and independently liable for such conduct in violation of Chapter 541 generally and Tex. Ins. Code §541.003, among other sections of the Texas Insurance Code for negligence, misrepresentation, fraud and breach of their common law duty pursuant to Chapter 541 of the Texas Insurance Code. *See, USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (holding that "The Texas Insurance Code allows "a person who sustains actual damages [to] bring an action against another person for those damages caused by the other person engaging in an act or practice defined ... to be an unfair method of competition or an unfair or deceptive practice in the business of insurance." Tex. Ins. Code § 541.151(1). The term "Person" means an individual or business association "engaged in the business of insurance" and specifically "includ[es] an [a]djuster." Tex. Ins. Code § 541.002(2). "An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims

that the insurer violated its extra-contractual common-law and statutory duties."). Raquel Merrill's Second Amended Petition, alleges that its independent injury in tort are "mental anguish" damages.[10] In *Menchaca*, the Supreme Court specifically authorized such damage as follows:

> "**D. The Independent–Injury Rule**"
>
> "The fourth rule from our precedent derives from the fact that an insurer's extra-contractual liability is "distinct" from its liability for benefits under the insurance policy. *See Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 214 (Tex. 1988), overruled on other grounds by *Ruttiger,* 381 S.W.3d at 441.
>
> In *Stoker*, after we announced the general rule that "there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered," *we explained that we were not excluding "the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim.*" 903 S.W.2d at 341 (citing *Aranda*, 748 S.W.2d at 214).
>
> There are two aspects to this independent-injury rule. The first is that, ***if an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits***, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits. Id. We recognized this in *Twin City*, explaining that ***some extra-contractual claims may not "relate to the insurer's breach of contractual duties to pay covered claims" and may thus "give rise to different damages***." 904 S.W.2d at 666 n.3. ***If such damages result from an independent injury "caused by" the insurer's statutory violation, the insured can recover those damages, just as insureds have always been able to recover "compensatory damages for the tort of bad faith" under the common law.*** *Moriel*, 879 S.W.2d at 17. ***Thus, an insured can recover actual damages caused by the insurer's bad-faith conduct if the damages "are separate from and ... differ from benefits under the contract.***" *Twin City*, 904 S.W.2d at 666 (identifying mental anguish damages as an example). We reaffirmed this aspect of the independent-injury rule in *Castañeda*, recognizing that "***there might be liability for damage to the insured other than policy benefits or damages flowing from the denial of the claim if the insured mishandled a claim***." 988 S.W.2d at 198."

*USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018). Based upon the forgoing specific facts and law as presented herein, it is respectfully submitted that AmGuard is not entitled to compel appraisal in this matter for the reason that there is no dispute as to the amount of loss

---

[10] *See,* **Attachment 1**: Raquel Merrill's Second Amended Petition filed on January 30, 2025 at p. 10, ¶ 28.

since Raquel Merrill has judicially admitted that she is not seeking policy benefits or alleging any breach of contract on the part of AmGuard, nor could she ever seek policy benefits as a result of the filing of Plaintiffs' Second Amended Petition in Cause No. CL-24-4543-D, styled *Raquel R. Merrill vs. Russell Palmer and Pilot Catastrophe Services, Inc.*; filed in County Court at Law No. 4, Hidalgo County, Texas which is dispositive of AmGuard's Motion to Compel Appraisal.

## CONCLUSION & PRAYER FOR RELIEF

As set forth herein, AmGuard has failed to demonstrate that they are entitled to compel Defendants, Medina and Garcia, to engage in the appraisal process since there exists no dispute regarding policy benefits that Raquel Merrill is not seeking and all conditions precedent to seeking appraisal have not occurred and have not been asserted as being fullfilled as required by the policy of insurance that are required to be fullfilled before appraisal can be asserted. Therefore, AmGuard's Motion to Compel Appraisal should be in all things denied.

Defendant prays for general relief.

Respectfully submitted,

**MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone No. (956) 631-0745
Telecopier No. (888) 266-0971
Email: firstpartylit@moore-firm.com

By:   */s/ R. Nicholas Moore*
         J. Michael Moore
         State Bar No.: 14349550
         Federal Bar No.: 16942
         R. Nicholas Moore
         State Bar No.: 24098134
         Federal Bar No.: 3132077
         *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      This is to certify that the original document was served upon the following, on the 4th day of February, 2025, via eService in accordance with the Federal Rules of Civil Procedure:

*/s/ R. Nicholas Moore*
R. Nicholas Moore