IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 7:24-cv-509 |
| § | |
| RAQUEL MERRILL, § | |
| *Defendant*. § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Raquel Merrill, Defendant in the above-entitled and numbered cause, and file this *Defendant's Motion for Summary Judgment*, demonstrating that Plaintiff AmGuard Insurance Company's attempt to compel appraisal is legally unsound and unsupported by the facts. As outlined below, Merrill has expressly waived all claims for policy benefits, making the invocation of the appraisal provision inappropriate and unenforceable. Further, compelling appraisal would improperly recharacterize Merrill's statutory claims as contractual disputes. Accordingly, summary judgment should be granted in Merrill's favor.

**I. INTRODUCTION**

Merrill purchased a homeowner's insurance policy from AmGuard (Policy No. RAHO389909) covering her property located at 2228 Marthas Lane, Mission, Texas 78573.[1] Following a storm on April 29, 2023, Merrill submitted a claim for damages. AmGuard made partial payments but did not fully compensate Merrill for her loss. Rather than seek additional

---

[1] *See,* **Exhibit A**: Affidavit of Nick Moore, and *see,* **Attachment No. 1**: Raquel Merrill's Homeowner's Insurance Policy No. RAHO389909.

policy benefits, Merrill pursued claims against AmGuard's adjusters for statutory violations, including bad faith claim handling under Chapter 541 of the Texas Insurance Code.[2]

AmGuard seeks to compel appraisal under the policy, arguing that a dispute over the amount of loss exists. However, Merrill's claims are not predicated on policy benefits but rather on the wrongful conduct of the adjusters.[3] Texas law makes clear that appraisal is not applicable where no policy benefits are sought. Therefore, the motion to compel appraisal should be denied, and summary judgment granted in Merrill's favor.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Merrill's homeowner's policy was issued by AmGuard on December 15, 2022.

2. On April 29, 2023, a storm caused damage to Merrill's property.

3. AmGuard made partial payments on the claim but did not pay the full amount sought by Merrill.

4. Merrill filed suit against the adjusters on **October 29, 2024**, alleging violations of the Texas Insurance Code, including failure to conduct a reasonable investigation, misrepresentation of material facts, and bad faith claim handling.[4]

5. Merrill's lawsuit explicitly states that she is "seeking only tort claims" and "not seeking any form of policy benefits."[5]

6. On **February 20, 2024**, AmGuard invoked the appraisal provision of the policy.

---

[2] *See,* **Attachment No. 2**: Raquel Merrill's Second Amended Petition and Notice of Required Disclosures.
[3] *Id.*
[4] *See,* **Attachment No. 3**: Raquel Merrill's Original Petition filed on October 29, 2024.
[5]*See,* **Attachment No. 2**: Raquel Merrill's Second Amended Petition and Notice of Required Disclosures at ¶ 13.

7. Merrill served **a Chapter 542A demand letter to the adjusters and Pilot Catastrophe Services on April 1, 2024[6]**, which:

    - Alleged specific statutory violations under Chapter 541 of the Texas Insurance Code
    - Demanded a total settlement amount of $195,677.75
    - Detailed claims of improper claim investigation and adjustment

8. Although a **542A demand was sent to AmGuard Insurance Company**, by virtue of the insured's lawsuit against the adjusters and the specific waiver of policy benefits, the relief sought in the 542A demand to AmGuard is now moot and irrelevant. Furthermore, the insured will never bring claims against AmGuard Insurance Company in this case due to the judicial admissions made in state court by not seeking policy benefits, by virtue of the insured's lawsuit against the adjusters and the specific waiver of policy benefits, the relief sought in the **542A demand to AmGuard is now moot and irrelevant**.

9. Merrill has not sought additional policy benefits, nor has she disputed the amount of loss under the policy.

### III. LEGAL STANDARD

Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, Merrill is entitled to summary judgment because there is no factual dispute regarding her waiver of policy benefits, and the law does not permit appraisal under these circumstances.

---

[6] *See,* **Attachment No. 4**: Defendant's Notice of 541.002(2), 541.154 and 542A.003 Texas Insurance Code and section 17.505 Texas Business & Commerce Code Violations.

## IV. LEGAL ARGUMENT

*A. Merrill Has Waived All Claims for Policy Benefits, Rendering Appraisal Inappropriate*

Texas courts have consistently held that appraisal is appropriate only where the insured is actively seeking policy benefits. In *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009), the Texas Supreme Court confirmed that appraisal is a contractual mechanism designed to resolve disputes over the "amount of loss" when policy benefits are at issue. However, appraisal cannot be compelled where an insured has waived all claims for policy benefits and is instead pursuing statutory remedies.

Merrill's waiver of policy benefits is evident from her pleadings, including her Second Amended Petition, which explicitly states that she is "seeking only tort claims" and is "not seeking any form of policy benefits."[7] Given this clear waiver, the appraisal provision has no applicability.

Under Texas law, appraisal provisions are strictly a contractual mechanism for resolving disputes concerning the **amount of loss**, not coverage or liability. The Texas Supreme Court in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009), clarified that appraisal determines **only the extent of damage and the cost to repair or replace covered property**—it does not address whether a claim is covered under the policy.

When an insured has **expressly waived policy benefits**, there is no disputed **amount of loss** to appraise, rendering the appraisal clause inapplicable. Without an actual claim for policy benefits, forcing an insured into appraisal would serve no legitimate contractual purpose.

Here, Merrill has made judicial admissions in state court that she is not seeking policy benefits. This constitutes a binding waiver, preventing her from later asserting claims under the

---

[7] *See,* **Attachment No. 2**: <u>Raquel Merrill's Second Amended Petition and Notice of Required Disclosures.</u>

policy. Texas courts consistently hold that judicial admissions are conclusive and eliminate factual disputes. See *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001).

Since Merrill is legally barred from seeking policy benefits, the insurer cannot rely on an appraisal clause designed solely for disputes involving those benefits. Appraisal cannot be forced where no contractual loss claim exists.

### B. Compelling Appraisal Would Improperly Convert Statutory Claims into Contractual Disputes

Texas law recognizes that statutory claims under Chapter 541 of the Insurance Code exist independently of contractual claims for policy benefits. In *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018), the Texas Supreme Court reaffirmed that statutory and extra-contractual claims are distinct from contractual claims. Compelling appraisal in this case would improperly force Merrill's statutory claims into a contractual framework, which contradicts established precedent.

### C. No Dispute Exists Regarding Policy Benefits

AmGuard's attempt to invoke appraisal is premised on the assertion that a dispute exists over the "amount of loss." However, no such dispute exists because Merrill is not seeking additional policy benefits.[8] The purpose of appraisal is to resolve differences over the cost of covered losses, but Merrill's claims are based solely on the alleged wrongful conduct of the adjusters.[9] As such, the appraisal provision cannot be enforced.

### D. Merrill's Statutory Claims Preclude Forced Appraisal

Merrill's lawsuit includes claims for:

- Failure to conduct a reasonable investigation (Tex. Ins. Code § 541.060(a)(7))

- Misrepresentation of material facts (Tex. Ins. Code § 541.060(a)(1))

---

[8] *See*, **Attachment No. 2**: Raquel Merrill's Second Amended Petition and Notice of Required Disclosures.
[9] *Id.*

- Failure to effectuate a prompt, fair, and equitable settlement (Tex. Ins. Code § 541.060(a)(2)(A))

These statutory violations are independent of the insurance contract and cannot be resolved through an appraisal process. The Texas Supreme Court has made clear that statutory remedies provide distinct and separate avenues for relief, which further supports the inapplicability of appraisal. Because Merrill has expressly waived policy benefits and is pursuing only extra-contractual statutory claims, the appraisal provision is **inapplicable and unenforceable**. The court should grant summary judgment in Merrill's favor, confirming that appraisal cannot be compelled under these circumstances.

## V. CONCLUSION

AmGuard cannot compel Merrill to participate in appraisal when she has expressly waived policy benefits and seeks only independent statutory relief. For the foregoing reasons, Merrill respectfully requests that this Court:

1. **Grant summary judgment** in her favor;
2. **Deny AmGuard's motion to compel appraisal**;
3. **Award Merrill her costs and attorneys' fees**; and
4. **Grant such other and further relief** as may be just and proper.

Respectfully submitted,

**MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone No. (956) 631-0745
Telecopier No. (888) 266-0971
Email: firstpartylit@moore-firm.com

By:   */s/ R. Nicholas Moore*
      J. Michael Moore
      State Bar No.: 14349550

                Federal Bar No.: 16942
                R. Nicholas Moore
                State Bar No.: 24098134
                Federal Bar No.: 3132077

**CERTIFICATE OF SERVICE**

    This is to certify that the original document was served upon the following, on the 4th day of February, 2025, via eService in accordance with the Federal Rules of Civil Procedure:

*/s/ R. Nicholas Moore*
R. Nicholas Moore
