

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **AMGUARD INSURANCE COMPANY** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:24-cv-509 | |
| § | | |
| **RAQUEL MERRILL,** § | | |
| *Defendant*. § | | |

**DEFENDANT RAQUEL MERRILL'S SUR-REPLY TO PLAINTIFF AMGUARD INSURANCE COMPANY'S MOTION TO COMPEL APPRAISAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Raquel Merrill, Defendant in the above-entitled and numbered cause, and file this *Defendant's Sur-reply to Plaintiff AmGuard Insurance Company's Motion to Compel Appraisal,* and in support thereof, would respectfully show unto the Court the following:

**I.     SUMMARY OF ARGUMENT**

In this case, Defendant has unequivocally stated—both in prior litigation and before this Court—that she is not seeking policy benefits. This is not a mere legal assertion but a binding judicial admission of fact, precluding any dispute over policy benefits under the insurance contract. Despite this, Plaintiff now seeks to compel appraisal, asserting that an insurance policy coverage dispute remains. This contradictory position creates a fundamentally unfair power imbalance—Defendant is estopped from pursuing benefits, yet Plaintiff retains the unilateral ability to invoke appraisal.  If Defendant's admission is sufficient to bar future claims, it must also be sufficient to preclude appraisal.  Allowing Plaintiff to enforce the appraisal provision despite no live controversy would distort the contractual framework, weaponizing appraisal as a tool for delay rather than dispute resolution. The Court should recognize that judicial admissions must be applied

1

symmetrically—if Defendant is estopped, so too must Plaintiff be estopped from compelling appraisal.

## II. ARGUMENT AND AUTHORITY

Defendant has made it clear not only in her separate law suit that she is not seeking policy benefits, but she made is clear in the present cause of action in this Court that she is not seeking policy benefits. This judicial admission has been made in Defendant's Response to Plaintiff's Motion to Compel Appraisal. Judicial admission can be made in discovery motions or motions in general.[1]

Plaintiff states that Defendant is bound by judicial admission and Defendant agrees. Before this Court, Defendant has now judicially admitted the following in Defendant's Response to Plaintiff's Motion to Compel Appraisal, "the insured will never bring claims against AmGuard Insurance Company in this case due to the judicial admissions made in state court by not seeking policy benefits, by virtue of the insured's lawsuit against the adjusters and the specific waiver of policy benefits, the relief sought in the 542A demand to AmGuard is now moot and irrelevant."[2] Plaintiff states that "Defendant has not notified AmGuard that she is withdrawing her insurance claim or the demand she made to AmGuard."[3] Defendant's Response to the Motion to Compel Appraisal was directed to AmGuard…

Defendant once again shall communicate this to the Plaintiff: Defendant is not and will not be seeking further policy benefits under her insurance claim with Plaintiff, specifically under Policy No. RAHO389909 with Claim No. RAHO389909-001-001-001. Plaintiff's decision is not a legal theory but a factual declaration. By stating that she is not seeking policy benefits, the

---

[1] *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17 (S.D.N.Y. 2015). *United States v. Gallegos*, 111 F.4th 1068 (10th Cir. 2024).
[2] *See,* Defendant's Response to Plaintiff's Motion to Compel Appraisal, at p. 4.
[3] *See,* Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Appraisal, at p. 4.

Defendant effectively concedes that she is not pursuing compensation under the policy, which means there is no active dispute with the insurer. If no dispute exists, there is nothing to appraise—the Plaintiff's insistence on an appraisal contradicts the Defendant's factual position that she has no claim against them.

If the Defendant were to later try to pursue policy benefits, she would be estopped because she previously stated she is not seeking them.[4] Plaintiff blurs Defendant's statements and misrepresents the judicial admissions made to date on this issue by describing it as "[s]he is simply asserting that she is currently choosing not to pursue a legal cause of action against AmGuard at this time."[5] That is not what Defendant has previously stated. Plaintiff warps this reality to make it appear that this is a legal assertion and not a factual position. Defendant's statement that she is not pursuing policy benefits is a statement about the underlying dispute. It describes the real-world status of the Defendant's position regarding the insurance claim.

There are references to policy benefits contained within sections of Plaintiff's Second Amended Petition (Plaintiff Raquel Merrill), but the references to policy benefits are necessary elements of proof regarding Russell Palmer and Pilot Catastrophe's liability for conducting an unreasonable investigation and misrepresentations of the coverage and scope of damages to demonstrate causation for the award of actual damages in tort only by the jury hearing the case to conclude that Palmer and Pilot's bad faith adjustment and undervaluing of the Merrill's property damage claim, as compared to the Merrill's cause and loss expert adjustment of the loss, entitle Merrill to damages in tort only and that Palmer and Pilot are individually and independently liable for such conduct in failing to recommend the payment of policy benefits to Underwriters in violation of Chapter 541 generally and Tex. Ins. Code §541.003, among other sections of the Texas

---

[4] *Am. Nat'l Prop. & Cas. Co. v. Estate of Farese*, 530 F. Supp. 3d 655 (S.D. Miss. 2021).
[5] *See,* Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Appraisal, at p. 3.

Insurance Code for misrepresentation, fraud and breach of their common law duty pursuant to Chapter 541 of the Texas Insurance Code, which includes claims under Texas Insurance Code §542A.002(2) and (3); and that such claims against Palmer and Pilot individually are independent of any claims for breach of contract, coverage determinations or for the recovery of policy benefits. *See, Arana v. Allstate Texas Lloyds*, 2013 WL 2149589 at * 2., which held "that recovery for mishandling claims under the Texas Insurance Code or the Deceptive Trade Practices Act (DTPA) *is not contingent upon whether an insured is entitled to receive policy benefits or whether the ultimate claim was covered.*" *Id*.

Defendant's statement meets the elements of a judicial admission. It is clear, deliberate, and unequivocal statement. Defendant's statement was not conditional or vague—she affirmatively disclaimed seeking policy benefits. It was a statement made during judicial proceedings. Not just in a separate case—Defendant made this admission in this very litigation in response to the Motion to Compel Appraisal. It is a statement pertains to a material fact. The fact that she is not seeking benefits directly negates the existence of an insurable dispute.

The Defendant is not disputing her policy benefits/outcome of Claim No. RAHO389909-001-001-001. If the Defendant were to later try to pursue policy benefits, she would be estopped because she previously stated she is not seeking them.[6] Through Plaintiff's interpretation of the contract, Defendant can be estopped from pursuing policy benefits, but Plaintiff can now exclusively have the power to force appraisal when no claim is being actively pursued.

If the Defendant's admission of not seeking policy benefits is sufficient to estop them from making a claim later, then it should also be sufficient to estop the insurer from compelling appraisal. If the Defendant's admission of not seeking policy benefits is sufficient to estop them

---

[6] *Am. Nat'l Prop. & Cas. Co. v. Estate of Farese*, 530 F. Supp. 3d 655 (S.D. Miss. 2021).

4

from making a claim later, then it should also be sufficient to estop the insurer from compelling appraisal. If courts allow this type of contractual imbalance, insurers could *further* weaponize appraisal provisions by delaying payment while forcing insureds into costly and time-consuming appraisal processes. The Court should recognize that estoppel and appraisal must be applied symmetrically. If the insured is estopped from pursuing benefits, then the insurer should likewise be barred from compelling appraisal.

The pursuit of policy benefits as a judicial admission has been addressed before. In the case of *American National Property and Casualty Company v. Estate of Farese*, the court noted that ANPAC's allegations in its interpleader complaint were intended as a judicial admission which removed the issue of coverage from contention.[7] Additionally, in *Peck v. Peck*, the court found that the husband judicially admitted that the disability policies were community property, which barred him from asserting otherwise.[8] This admission was made during the course of a judicial proceeding, was deliberate, clear, and unequivocal, and was contrary to the essential fact he later argued.[9]

Furthermore, there's precedent for estoppel on these issues. In *Green v. Liberty Insurance Corporation*, the insureds were judicially estopped from recovering compensation under their homeowners' insurance policy for items allegedly stolen from their home because they did not previously disclose ownership of those items in their bankruptcy petitions.[10]

Allowing Plaintiff to simultaneously estop Defendant from pursuing benefits while compelling appraisal creates an unjust power dynamic that contradicts the fundamental purpose of an appraisal provision—which is to resolve active disputes. If no dispute over insurance policy

---

[7] *Am. Nat'l Prop. & Cas. Co. v. Estate of Farese*, 530 F. Supp. 3d 655 (S.D. Miss. 2021).
[8] *Peck v. Peck*, 172 S.W.3d 26 (Tex. App.—Dallas 2005, pet. denied).
[9] *Id.*
[10] *Green v. Liberty Ins. Corp.*, 220 F. Supp. 3d 842 (E.D. Mich. 2016).

coverage exists, then compelling appraisal serves no valid contractual function. Instead, it artificially prolongs litigation and burdens Defendant with unnecessary procedural hurdles. Courts should reject this one-sided contractual enforcement, ensuring that estoppel and appraisal are applied equitably.

### III.    CONCLUSION

A contract must bind both parties equally. If the insured is estopped from pursuing benefits, then the insurer must also be estopped from compelling appraisal—anything less would undermine fundamental principles of fairness and contractual reciprocity.

### PRAYER FOR RELIEF

As set forth herein, AmGuard has failed to demonstrate that they are entitled to compel Defendants, Medina and Garcia, to engage in the appraisal process since there exists no dispute regarding policy benefits that Raquel Merrill is not seeking and all conditions precedent to seeking appraisal have not occurred and have not been asserted as being fullfilled as required by the policy of insurance that are required to be fullfilled before appraisal can be asserted.  Therefore, AmGuard's Motion to Compel Appraisal should be in all things denied.

Defendant prays for general relief.

Respectfully submitted,

**MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone No. (956) 631-0745
Telecopier No. (888) 266-0971
Email: firstpartylit@moore-firm.com

By:   ***/s/ R. Nicholas Moore***
       J. Michael Moore
       State Bar No.: 14349550
       Federal Bar No.: 16942
       R. Nicholas Moore
       State Bar No.: 24098134
       Federal Bar No.: 3132077
       ***Attorney for Defendants***

## CERTIFICATE OF SERVICE

This is to certify that the original document was served upon the following, on the 18th day of March, 2025, via eService in accordance with the Federal Rules of Civil Procedure:

***/s/ R. Nicholas Moore***
R. Nicholas Moore

7