IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **AMGUARD INSURANCE COMPANY** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 7:24-cv-509** |
| | § | |
| **RAQUEL MERRILL,** | § | |
| *Defendant*. | § | |

### DEFENDANT RAQUEL MERRILL'S SUPPLEMENTAL SUR-REPLY TO PLAINTIFF AMGUARD INSURANCE COMPANY'S OPPOSED MOTION TO COMPEL APPRAISAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Raquel Merrill, Defendant in the above-entitled and numbered cause, and file this *Defendant's Supplemental Sur-reply to Plaintiff AmGuard Insurance Company's Opposed Motion to Compel Appraisal,* and in support thereof, would respectfully show unto the Court the following:

### I.   INTRODUCTION

This Supplemental Sur-Reply addresses why AmGuard's attempt to compel appraisal through a separate federal lawsuit is improper when Merrill has already filed state court litigation against the adjusters only. As previously established in Defendant's initial Response, Merrill has expressly disavowed any claims for policy benefits or breach of contract in her state court action, choosing instead to pursue only statutory tort claims against AmGuard's adjusters for violations of the Texas Insurance Code.

AmGuard's attempt to circumvent Merrill's legitimate state court action by filing this separate federal lawsuit to compel appraisal represents an improper attempt to override Merrill's

statutory rights and force her into a procedural framework that nullifies her ability to pursue valid claims against the adjusters. This Court should deny AmGuard's motion to compel appraisal as it lacks jurisdiction to intervene in the independent statutory tort claims being pursued in state court.

## II.    ARGUMENT AND AUTHORITIES

**A.** *AmGuard's Separate Federal Action Constitutes an Improper Attempt to Circumvent State Court Jurisdiction*

AmGuard's decision to file a separate federal lawsuit to compel appraisal, rather than seeking to intervene in the state court action, represents an improper attempt to circumvent the jurisdiction of the state court. This procedural maneuvering raises serious concerns about forum shopping and the potential for conflicting rulings between state and federal courts on substantively related matters.

The Fifth Circuit has consistently recognized that state courts have a particular interest in deciding cases that involve interpretation of state insurance laws and regulations. By filing this separate action, AmGuard is attempting to create a parallel track of litigation that could interfere with the state court's ability to adjudicate claims properly before it.

**B.** *Judicial Admissions in State Court Preclude Appraisal in Federal Court*

Merrill has made binding judicial admissions in her state court pleadings that she "is seeking only tort claims against said Defendant RUSSELL PALMER and Defendant PILOT CATASTROPHE SERVICES, INC., as no breach of contract claims are alleged or sought herein, nor is Plaintiff seeking any form of 'policy benefits' or asserting entitlement to same in any manner or way..." (See Merrill's Second Amended Petition, ¶13).

These judicial admissions are binding not only in the state court proceeding but should be given full effect in this federal action as well. Judicial admissions are binding on the party making them and are conclusive as to the facts admitted. This principle prevents AmGuard from arguing

that there is a dispute over "amount of loss" under the policy when Merrill has expressly disavowed seeking any policy benefits.

## C. *Absence of a Dispute Over "Amount of Loss" Makes Appraisal Inappropriate*

Appraisal is only appropriate when there is an active dispute over the "amount of loss" under the policy. Since Merrill has judicially admitted she is not seeking policy benefits, there is no active dispute over the amount of loss that would trigger the appraisal provision.

The Supreme Court of Texas has recognized that appraisal is a contractual mechanism designed to resolve disputes over the "amount of loss" when policy benefits are at issue. State Farm Lloyds v. Johnson, 290 S.W.3d 886, 895 (Tex. 2009). However, appraisal cannot be compelled where an insured has waived all claims for policy benefits and is instead pursuing statutory remedies. Without an actual dispute over policy benefits, forcing appraisal would serve no legitimate contractual purpose.

## D. *Compelling Appraisal Would Create an Absurd Result by Eliminating Merrill's Statutory Rights*

Allowing AmGuard to compel appraisal through this separate federal action would create an absurd result by effectively nullifying Merrill's statutory right to pursue tort claims against adjusters for violations of Chapter 541 of the Texas Insurance Code. This creates an untenable legal paradox:

1. Merrill has explicitly disavowed seeking policy benefits in her state court pleadings
2. If appraisal is compelled in federal court but Merrill doesn't seek policy benefits, she cannot recover anything under the policy
3. Merrill would be left with no legal remedy despite having legitimate statutory claims

Furthermore, if the Court were to compel appraisal, the following absurd scenario would arise:

**The Appraisal Award Paradox**: If an appraisal award is issued but AmGuard refuses to pay it, Merrill would be caught in a procedural trap:

- **No Policy Benefits Claim Available**: Since Merrill has disavowed seeking policy benefits, she would have no contractual basis to enforce payment of the appraisal award.

- **No Section 541 Claims Available Without Pre-Suit Demand**: To pursue a claim under Section 541 of the Texas Insurance Code for AmGuard's failure to pay the appraisal award, Merrill would need to have submitted a pre-suit demand as required by Section 542A.003. However, since Merrill's lawsuit against the adjusters did not include AmGuard and did not seek policy benefits, she would not have satisfied this procedural requirement.

- **Circumvention of Legislative Intent**: The Texas Legislature, in enacting Section 542A, specifically acknowledged and preserved an insured's right to bring claims against adjusters for their independent statutory violations. Allowing AmGuard to force appraisal through a separate federal action would circumvent this legislative intent by effectively immunizing both AmGuard and its adjusters from liability for statutory violations.

This creates a situation where Merrill would be stripped of all legal remedies: unable to pursue policy benefits (because she has disavowed them), unable to enforce an appraisal award (because she is not seeking policy benefits), and unable to pursue Section 541 claims for failure to pay the appraisal award (because she did not make a pre-suit demand against AmGuard). This outcome is both absurd and contrary to the legislative intent behind Section 542A, which was to preserve legitimate claims against adjusters for statutory violations while creating a framework for resolving disputes efficiently.

As the Texas Supreme Court has consistently held, statutory interpretations that lead to absurd results should be rejected. See Texas Lottery Com'n v. First State Bank of DeQueen, 325

S.W.3d 628, 635 (Tex. 2010) ("Courts rely on 'the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results.'").

### E. *Texas Law Recognizes Independent Liability of Adjusters*

Texas law clearly recognizes that insurance adjusters can be held individually liable for their own tortious conduct separate and apart from the liability of the insurance carrier. The Texas Supreme Court established this principle in Liberty Mutual Insurance Co. v. Garrison Contractors, Inc., 966 S.W.2d 482 (Tex. 1998), and the Texas Legislature confirmed it when enacting Texas Insurance Code §542A.002(a)(1),(2),(3)(A),(B).

Merrill's claims against Palmer and Pilot Catastrophe Services are grounded in their independent statutory obligations under Chapter 541 of the Texas Insurance Code, including:

- Failure to conduct a reasonable investigation (Tex. Ins. Code § 541.060(a)(7))
- Misrepresentation of material facts (Tex. Ins. Code § 541.060(a)(1))
- Failure to effectuate a prompt, fair, and equitable settlement (Tex. Ins. Code § 541.060(a)(2)(A))

AmGuard's attempt to force appraisal through this separate federal action is a transparent attempt to shield the adjusters from liability for these independent statutory violations.

### F. *Filing of Separate Federal Action Constitutes Forum Shopping*

AmGuard's decision to file this separate federal action, rather than address the issues in the existing state court proceeding, constitutes improper forum shopping. The facts and circumstances that give rise to both cases are virtually identical, and the primary distinction is that AmGuard is seeking to use federal court to enforce a contractual provision that would effectively nullify Merrill's state law claims.

Courts have consistently disfavored this type of procedural maneuvering, particularly where it appears designed to secure a procedural advantage rather than address a genuine legal dispute. The appropriate venue for AmGuard to address any concerns about Merrill's claims would be through intervention in the state court action, not through a separate federal proceeding seeking to compel appraisal.

### III.     CONCLUSION

AmGuard has failed to demonstrate that it is entitled to compel Defendant Merrill to engage in the appraisal process in this separate federal court action for multiple reasons:

1. There exists no dispute regarding policy benefits that Merrill is not seeking;

2. Merrill's judicial admissions in state court regarding the disavowal of policy benefits should be given full effect in this federal proceeding;

3. Compelling appraisal would create an absurd result that nullifies Merrill's statutory rights;

4. This separate federal action constitutes improper forum shopping and threatens to create parallel litigation tracks with potentially inconsistent rulings; and

5. Texas law clearly recognizes the independent liability of adjusters for statutory violations, which AmGuard is attempting to shield through this procedural maneuver.

Therefore, AmGuard's Motion to Compel Appraisal should be in all things denied.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Raquel Merrill respectfully requests that this Court deny AmGuard Insurance Company's Opposed Motion to Compel Appraisal and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

**MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone No. (956) 631-0745
Telecopier No. (888) 266-0971
Email: firstpartylit@moore-firm.com

By:    */s/ R. Nicholas Moore*
       J. Michael Moore
       State Bar No.: 14349550
       Federal Bar No.: 16942
       R. Nicholas Moore
       State Bar No.: 24098134
       Federal Bar No.: 3132077
       ***Attorney for Defendants***

## CERTIFICATE OF SERVICE

This is to certify that the original document was served upon the following, on the 17th day of April, 2025, via eService in accordance with the Federal Rules of Civil Procedure:

J. Mark Kressenberg, Attorney-in-Charge
Lauren Figaro
THOMPSON, COE, COUSINS & IRONS, L.L.P.
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027

                                    */s/ R. Nicholas Moore*
                                    R. Nicholas Moore