United States District Court
Southern District of Texas
**ENTERED**
July 10, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **AMGUARD INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:24-CV-00509** |
| | § | |
| **RAQUEL MERRILL,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM ORDER AND OPINION**

The question presented here is whether an insurer may compel appraisal under a

home-insurance policy when the insured does not dispute the amount of loss, waives any

claim to policy benefits, and sues only an independent adjuster and the adjuster's agency

for extra-contractual claims in a separate state-court action.

Defendant Raquel Merrill sued an adjusting agency and its adjuster in state court

alleging only statutory violations.  In response, Plaintiff AmGuard Insurance Company

("AmGuard") filed this action seeking to invoke appraisal under its policy with Merrill.

Because Merrill does not dispute the amount of loss or seek policy benefits, AmGuard

may not invoke appraisal to preclude Merrill's extra-contractual claims against third

parties.

Pending before the Court is Plaintiff AmGuard's Motion to Compel Appraisal,

(Dkt. No. 14), and Defendant Merrill's Motion for Summary Judgment, (Dkt. No. 17).  For

the reasons explained below, AmGuard's Motion is **DENIED**, and Merrill's Motion is

**GRANTED**.

I.    BACKGROUND[1]

Merrill sustained wind damage to her home and gazebos in April 2023.  (Dkt. No. 14 at 2); (*see also* Dkt. No. 14-3 at 12, 14); (Dkt. No. 14-7 at 3); (Dkt. No. 16-1 at 6–7, 194). She filed a claim with her insurer, AmGuard, under her home-insurance policy.  (Dkt. No. 14 at 2).  After receiving the claim, AmGuard sent Russel Palmer, an independent adjuster from Pilot Catastrophe Services ("Pilot") to inspect the damage.  (*Id.* at 2–3); (Dkt. No. 16 at 3).  Palmer concluded that the policy covered the damage, and he completed an estimate for the amount of loss.  (Dkt. No. 14 at 2–3).  AmGuard sent a below-deductible letter to Merrill based on Palmer's findings.  (*Id.* at 3).

Merrill hired an attorney who sent AmGuard a letter of representation, and she later obtained a total payment of $6,974.41 from AmGuard to cover her damages.  (*Id.*). After hiring a third-party adjuster to inspect the damages, Merrill's counsel sent a demand letter to AmGuard estimating $121,829.03 in damage to Merrill's home and $37,042.50 to her gazebos.  (*Id.*); (Dkt. No. 14-3 at 12).  AmGuard sent another Pilot adjuster to reinspect the property and sent an updated coverage letter and payments totaling $38,174.25 for Merrill's house and $6,950.84 for her gazebos.  (Dkt. No. 14 at 3); (Dkt. No. 14-2 at 1).

AmGuard later invoked its right to appraisal under the policy.  (Dkt. No. 14 at 3); (Dkt. No. 14-1).  AmGuard alleged that the Parties had a dispute over the amount of loss.

---

[1]    Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020).  The Court has not weighed evidence or made credibility findings.  *Id.*

2

(Dkt. No. 14-1 at 1). The policy provision that AmGuard relied on provides, "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss." (Dkt. No. 14 at 2); (Dkt. No. 14-4 at 49).

Merrill never responded to AmGuard's appraisal demand. (Dkt. No. 14 at 3). Instead, she sued Palmer and Pilot in state court in Hidalgo County alleging violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. (Dkt. No. 16-1 at 57–65, 192–202). She did not name AmGuard in any of her petitions. (*Id.* at 4–5, 57–58, 192–93).

AmGuard sued Merrill in federal court, alleging breach of contract and seeking to compel appraisal. (Dkt. No. 1); (Dkt. No. 14 at 3); (Dkt. No. 16-1 at 70–71). Merrill answered and filed a counterclaim, alleging that she judicially admitted that she is not seeking policy benefits in her state-court lawsuit against Palmer and Pilot. (Dkt. No. 10); (Dkt. No. 11 at 2–3). AmGuard filed a Motion to Compel Appraisal, again alleging that Merrill breached her policy. (Dkt. No. 14 at 1, 4–5). Merrill responded, confirming that she is not disputing the amount of loss or seeking any policy benefits from AmGuard. (Dkt. No. 16 at 1–2). She also moved for summary judgment, contending that there is no dispute that she is not seeking policy benefits or contesting the amount of loss. (Dkt. No. 17 at 3). AmGuard replied in support of its Motion to Compel Arbitration, (Dkt. No. 18), and responded to Merrill's Motion for Summary Judgment, (Dkt. No. 19).

## II.   LEGAL STANDARDS

### A.   SUMMARY JUDGMENT

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it could affect the suit's outcome under governing law.  *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).  And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### B.   APPRAISAL CLAUSES

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Nat'l Liab. & Fire Ins. v. R&R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996)). Accordingly, this Court applies "the substantive insurance law of Texas." *Int'l Ins. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005).

Under Texas law, "[a]n insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed . . . ." *In*

*re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding) (quoting

*USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018)).  Policies are construed

in the same manner as any other contract.  *Menchaca*, 545 S.W.3d at 488.  Most insurance

policies include appraisal clauses to resolve disputes over the amount of a covered loss.

*State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009).  "These clauses are

generally enforceable, absent illegality or waiver."  *In re Universal Underwriters of Tex. Ins.*,

345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding).

## III.    DISCUSSION

### A.    APPRAISAL

AmGuard alleges that appraisal is required because the Parties dispute the

amount of covered losses.  (Dkt. No. 14 at 4–5).  Merrill responds that she is not disputing

the amount of loss or seeking policy benefits, and she is suing only Palmer and Pilot in a

separate state-court case.  (Dkt. No. 16 at 1–2).  She also does not challenge the validity of

the appraisal clause; she only contends that it does not apply.  (*Id.* at 2, 5–8).

Insurance-policy appraisal clauses are contractual provisions, *see State Farm*, 290

S.W.3d at 888–89; *Menchaca*, 545 S.W.3d at 489, designed to resolve disputes between an

insurer and its insured over the amount of loss, *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127,

131 (Tex. 2019).  Because appraisal rights stem from the insurance contract, they do not

apply to extra-contractual claims—such as statutory or common-law bad-faith claims[2]—

brought against nonparties to the contract.  *In re Caliber One Indem. Co.*, 153 S.W.3d 587,

---

 [2]    *Menchaca*, 545 S.W.3d at 489.

589–90 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Terra Nova Ins.*, 992 S.W.2d

741, 742 (Tex. App.—Texarkana 1999, orig. proceeding).

Here, AmGuard is not entitled to demand appraisal because Merrill's claims fall

outside the policy.  She is suing two nonparties—an independent adjuster, Palmer, and

an independent adjusting agency, Pilot—in state court for extra-contractual violations of

the Texas Insurance Code and the Texas Deceptive Trade Practices Act.  (Dkt. No. 16 at

1–2).  She has not asserted any claim against AmGuard, nor is she disputing the amount

of loss or seeking any policy benefits.  (*Id.*).  Because appraisal provisions apply only to

disputes between the insurer and the insured over contractual obligations, AmGuard

cannot invoke the clause to block Merrill's extra-contractual claims against third parties.

*In re Caliber One*, 153 S.W.3d at 590.

To be sure, Merrill's judicial admissions waive any contractual claims and remove

policy benefits from dispute in *this* lawsuit.  "A judicial admission is a formal concession

in the pleadings or stipulations by a party or by counsel that is binding on the party

making them."  *Mays v. Dir., Off. of Workers' Comp. Programs*, 938 F.3d 637, 647 (5th Cir.

2019) (quoting *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).  A statement

made during litigation qualifies as a judicial admission "only 'if it was made intentionally

as a waiver,[3] releasing the opponent from proof of fact.'"  *Id.* (quoting *Martinez*, 244 F.3d

---

[3]    Waiver "is the intentional relinquishment or abandonment of a known right."  *United States v. Cabello*, 33 F.4th 281, 295 (5th Cir. 2022) (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993)).

at 476). Judicial admissions are not evidence; they simply remove facts from contention. *Martinez*, 244 F.3d at 476.

Here, Merrill has judicially admitted that she is not disputing the amount of loss or seeking any policy benefits. (Dkt. No 16 at 1–2). In her Response to AmGuard's Motion to Compel Appraisal, she stated expressly that she "has not asserted a breach of contract claim against AmGuard, nor is she seeking policy benefits." (*Id.* at 1). She restated that position in her Supplemental Surreply. (Dkt. No. 27 at 3). These statements, made in the course of this litigation and intended to waive policy-based claims, constitute binding judicial admissions. (Dkt. No. 16 at 1, 7–8); (Dkt. No. 25 at 2); (Dkt. No. 27 at 2–3); *Mays*, 938 F.3d at 647. Thus, neither a potential breach of contract by AmGuard nor Merrill's entitlement to policy benefits is at issue in this lawsuit. *See Martinez*, 244 F.3d at 476.

As a result, AmGuard cannot invoke the appraisal provision. Merrill's state-court claims are extra-contractual and are asserted against defendants that are not parties to the policy. In this lawsuit with AmGuard, she has judicially disclaimed any dispute over the amount of loss or entitlement to policy benefits. Because her claims fall entirely outside the policy, AmGuard cannot rely on that policy to compel appraisal.

### B.    SUMMARY JUDGMENT

AmGuard argues that summary judgment is improper here because there is a factual dispute as to the amount of loss under the policy. (Dkt. No. 19 at 4). But the only evidence it cites is Merrill's demand letter from November 1, 2023. (*Id.*); (Dkt. No. 19-3 at 13–19). That letter does not create a fact issue because Merrill has since judicially

waived any claim for policy benefits—both in this case and in her state-court suit. (Dkt. No. 25 at 2). Her judicial admission removes any dispute related to policy benefits from contention, including the amount of loss. *Martinez*, 244 F.3d at 476. AmGuard identifies no other evidence in the record suggesting that Merrill either disputes the amount of loss or breached her insurance policy. (Dkt. No. 19 at 4–5).

Accordingly, AmGuard has not met its burden of establishing a genuine fact issue as to whether Merrill breached her policy or contests the amount of loss. Merrill is therefore entitled to summary judgment. *Nola Spice Designs*, 783 F.3d at 536.

## IV.    CONCLUSION

For the above reasons, Plaintiff AmGuard's Motion to Compel Appraisal, (Dkt. No. 14), is **DENIED**, and Defendant Merrill's Motion for Summary Judgment, (Dkt. No. 17), is **GRANTED**. AmGuard's claims are **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on July 10, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

9